UNITED STATES DISTRICT COURT
FILED
FEB 18 2026
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

26-CR-6017-MAV

STEVEN L. PLOOF,

Defendant.

**PLEA AGREEMENT**

The defendant, STEVEN L. PLOOF, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 18, United States Code, Section 115(a)(1)(A) (threatening to assault a member of the immediate family of a Federal law enforcement officer with intent to impede, intimidate, or interfere with such law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such law enforcement officer on account of the performance of official duties), for which the maximum possible sentence is a term of imprisonment of 6 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of up to 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> First, that the defendant threatened to assault or murder a member of the immediate family of a Federal Law Enforcement Officer; and
>
> Second, that the defendant acted with the intent to impede, intimidate, or interfere with such Federal Law Enforcement Officer while that Officer was engaged in the performance of official duties or with intent to retaliate against such Officer on account of the performance of official duties.
>
> The term "Federal Law Enforcement Officer" includes Special Agents of the Federal Bureau of Investigation.

## FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. On September 15, 2025, defendant Steven Ploof did threaten to assault the immediate family of an FBI Special Agent with the intent to impede, intimidate, and interfere with the Agent while he was engaged in the performance of his official duties, and with intent to retaliate against the Agent on account of the performance of his official duties.

b. On September 15, 2025, defendant Steven PLOOF went to a house in Ogden, New York. As defendant knew, the house was the residence of an FBI Special Agent and his family.

c. When he arrived at the house, defendant placed two posterboard signs on the front porch of the residence. The defendant had earlier personally prepared the two signs. One sign read "Corrupt FBI AGENT!" and the other sign read "I Want To Fuck Your Kids!".

d. Video of the defendant placing the two signs on the front porch was obtained from the home's security system.

## III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction and provides for a base offense level of 12.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 3 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics does apply:

a. the six-level increase pursuant to Guidelines § 3A1.2(b) (victim was a government officer or employee or a member of the immediate family of a government officer or employee, the offense was motivated by such status, and the applicable guideline is from Chapter Two, Part A).

## ADJUSTED OFFENSE LEVEL

8. Based on ¶¶ 6 and 7 of this agreement, it is the understanding of the government and the defendant that the defendant's adjusted offense level is 18.

## ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 15.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS, AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of 15 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **18-24 months, a fine of $7,500 to $75,000, and a period of supervised release of 1 to 3 years**. Notwithstanding this, the defendant

understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a term of imprisonment of 14 months and a period of supervised release of three years. The parties further agree pursuant to Rule 11(c)(1)(C) that the terms of supervised release will include, but not be limited to, a condition that the defendant avoid all contact, direct or indirect, with the victim, the victim's family and the victim's residence and that the defendant shall at all times stay at least 500 yards from the victim, the victim's family and the victim's residence. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine that may be imposed by the Court at sentencing.

13. Except as set forth in paragraph 12 above, the defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

15. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. IMMIGRATION CONSEQUENCES

16. The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's

immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

17. The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI. GOVERNMENT RIGHTS AND OBLIGATIONS

18. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution or a fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss Criminal Complaint 25-MJ-630 pending against the defendant.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

21. The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of this plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

22. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack, in any proceeding, including but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, any component of a sentence imposed by the Court which is equal to or less than a sentence of imprisonment of 14 months, a fine of $7,500 to $75,000,

and a period of supervised release of 3 years, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. The defendant specifically knowingly waives the right to appeal and/or collaterally attack the condition of supervised release imposed by the Court requiring that the defendant avoid all contact, direct or indirect, with the victim, the victim's family and the victim's residence and that the defendant at all times stay at least 500 yards from the victim, the victim's family and the victim's residence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23. The defendant understands that by agreeing not to collaterally attack the conviction(s) or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction(s) or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24. The government waives its right to appeal any component of a sentence imposed by the Court which is equal to or greater than a sentence of imprisonment of 14 months, a fine of $7,500 to $75,000, and a period of supervised release of 3 years, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

25. By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

26. Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

27. This plea agreement represents the total agreement between the defendant, STEVEN L. PLOOF, and the government. There are no promises made by anyone other

than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: ______________________
EVERARDO A. RODRIGUEZ
Assistant United States Attorney

Dated: February 18, 2026

I have read this agreement, which consists of pages 1 through 11. I have had a full opportunity to discuss this agreement with my attorney, DAVID R. MORABITO, SR., ESQ. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

______________________
STEVEN L. PLOOF
Defendant

Dated: February 18, 2026

______________________
DAVID R. MORABITO, SR., ESQ.
Attorney for the Defendant

Dated: February 18, 2026